IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


THEODORE J. THOMPSON                                      PLAINTIFF


v.                            No. 4:11-cv-324-DPM


GREYHOUND LINES, INC.;
COLONIAL TRAILWAYS, INC.;
TERRY REEVES; and JOHN DOES
1-5, each in their individual capacities              DEFENDANTS


ORDER

This case is about a bus trip gone bad.  Thompson, an Arkansas

resident, filed his lawsuit here alleging numerous claims arising during a bus

ride that began in Alabama and occurred mostly in Mississippi.  Colonial and

Reeves move to dismiss based, in part, upon improper venue under 28 U.S.C.

§ 1391(b).

Thompson could have sued in the district where any defendant resides,

but only if all of the defendants reside in the same State.  28 U.S.C. §

1391(b)(1).  That is not this case. Greyhound is a national operation with

headquarters in Texas; Colonial is an Alabama business; and Reeves (the bus

driver) is a Florida resident.  28 U.S.C. § 1391(c) provides that a corporation

may, for venue purposes, be considered a resident of any district in which it is subject to personal jurisdiction at the time the action is commenced. The Court is under the impression that Greyhound would thus be a resident of the many states where it operates; the Court is unsure about the geographic scope of Colonial's operations. Even assuming that Colonial operates in multiple states, however, the only possible district in which *all* the defendants could be deemed to reside would be Florida, not Arkansas.

Thompson also could have brought his lawsuit in the district in which a substantial part of the events or omissions giving rise to his claims occurred. 28 U.S.C. § 1391(b)(2). According to Thompson's complaint, the allegedly actionable events occurred while he was a passenger on a Colonial bus on the roads of Mississippi and when he arrived back at the bus station in Mobile, Alabama. Venue would therefore be proper in Mississippi, and perhaps Alabama.

Finally, the governing statute allows Thompson to sue in a district in which any defendant may be found — but only if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)(3). Again, that is not this case. Thompson could have sued in Mississippi, Florida, and possibly

Alabama; instead, he brought his lawsuit in the Eastern District of Arkansas where he resides. But a plaintiff's residence is not taken into account when determining the proper venue for a lawsuit. 14D WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3805 (2007). Further, the events underlying Thompson's claims simply have no connection to the Eastern District of Arkansas. *E.g., Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995). Thompson complains that the Colonial driver failed to wake him up in Jackson, Mississippi so Thompson could change buses and keep a court date; and Thompson claims that, after he awoke but while still within Mississippi's borders and then again upon arrival in Mobile, the driver mistreated him based on his race.

Of course 28 U.S.C. § 1406 allows transfer, rather than dismissal, of actions where venue is bad. But the Court sees no prejudice to Thompson in dismissing the case, because he paid no filing fee and pursued this action *in forma pauperis.* More importantly, Thompson has the option of where to re-file his suit; the Court does not want to make Thompson's choice for him.

Separate defendants Colonial and Reeves's motion, *Document No. 20,* granted. Thompson's claims against all parties are dismissed for improper

-3-

venue, without prejudice to re-file in a proper district court.   28 U.S.C. §

1406(a).  Greyhound's motion, *Document No. 8*, denied as moot.

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 October 2011